UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN MIGLIACCIO,

                Plaintiff,

        -against-

PLANET FITNESS ASSETCO LLC and PAGE
PARK ASSOCIATES, LLC,

                Defendant.

**ORDER**

26-CV-05175 (PMH)

PHILIP M. HALPERN, United States District Judge:

Defendant Planet Fitness Assetco LLC ("Assetco") filed a Notice of Removal on June 18, 2026, removing this action from the Supreme Court of the State of New York, County of Dutchess, to this Court. (Doc. 1). For the reasons set forth below, this matter is REMANDED to the Supreme Court of the State of New York, County of Dutchess.

## BACKGROUND

Attached to Notice of Removal are (i) Plaintiff's Summons and Verified Complaint (Doc. 1-1); a stipulation entered between the parties in state court (Doc. 1-2); Plaintiff's Amended Summons and Verified Complaint (Doc. 1-3); Assetco's Certificate of Formation from the Delaware Department of State, Division of Corporations (Doc. 1-4); Page Park's entity information from the New York State Department of State, Division of Corporations (Doc. 1-5); Page Park's Verified Answer and other filings by Page Park in state court (Doc. 1-6); and the Civil Cover Sheet (Doc. 1-7).

Assetco, in the Notice of Removal, avers that this Court has jurisdiction over this controversy pursuant to 28 U.S.C. 1332(a). Assetco concedes that, while it is a citizen of Delaware, New Hampshire, Florida, Massachusetts, and California, both John Migliaccio ("Plaintiff") and Defendant Page Park Associates, LLC ("Page Park") are citizens of New York. (Doc. 1 ¶¶ 16, 22).

Assetco argues, however, that Page Park was fraudulently joined to this action and, thus, Page Park's citizenship should be ignored for purposes of this Court's jurisdiction. (*Id.* ¶ 25).

The Amended Complaint alleges that Plaintiff was injured by a defective exercise machine at a Planet Fitness location at 22 Taconic Center Lane, LaGrange, New York on November 8, 2024. (Doc. 1-3 ¶¶ 22-26). The Amended Complaint also alleges that both Assetco and Page Park were, at the time of the incident, both lessee and lessor of the property. (*See id.* ¶¶ 10-11, 20-21). Assetco, in the Notice of Removal, contends that Page Park was the "out-of-possession commercial landlord of the premises where the Taconic Center Planet Fitness Club operates." (Doc. 1 ¶ 32). Assetco claims that it, and not Page Park, "owns, operates, and manages" the Planet Fitness location "where Plaintiff alleges he was injured." (*Id.* ¶ 24). Thus, according to Assetco, Plaintiff cannot state a claim against Page Park and its citizenship should therefore "be disregarded for the purpose of the diversity analysis under the so-called fraudulent joinder theory . . . ." (*Id.* ¶ 25).

The Court, on June 24, 2026, directed Plaintiff to respond to "Assetco's contention that Page Park was fraudulently joined to this action and its citizenship should be ignored for purposes of diversity jurisdiction." (Doc. 4). Plaintiff, on June 26, 2026, filed a letter, arguing that Page Park "was not fraudulently joined." (Doc. 7 at 1). Plaintiff claims that he "has asserted a good-faith negligence claim against Page Park based upon its ownership of the premises where Plaintiff's accident occurred." (*Id.*). Plaintiff states that, "[a]s the owner of the property, Page Park may have owed Plaintiff a duty to maintain the premises in a reasonably safe condition or otherwise may bear responsibility for the dangerous condition alleged in the Complaint." (*Id.*). According to Plaintiff, "[w]hether Page Park exercised sufficient control over the premises, retained maintenance obligations, created or had notice of the alleged dangerous condition, or otherwise

bears responsibility for Plaintiff's injuries are factual questions that cannot be resolved on the present record." (*Id.*).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "It is the party seeking to sustain the removal . . . that bears the burden of demonstrating that removal was proper." *People of New York ex rel. Cuomo v. First American Corp.*, No. 07-CV-10397, 2008 WL 2676618, at *1 (S.D.N.Y. July 8, 2008). Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)). For the reasons set forth below, the Court agrees with Plaintiff that Assetco has failed to establish that Page Park was fraudulently joined to this action.

"[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460 (2d Cir. 1998). "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Id.* at 461. A defendant "seeking removal on fraudulent joinder grounds bear[s] a 'heavy burden.'" *Intershoe, Inc. v.*

*Filanto S.P.A.*, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000) (quoting *Pampillonia*, 138 F.3d at 461). "Because this jurisdictional inquiry is preliminary to any decision on the merits, the federal court resolves any uncertainties in applicable state law in plaintiffs' favor and subjects the complaint to less searching scrutiny than on a motion to dismiss for failure to state a claim." *Id.* (citation omitted).

Here, Assetco does not allege any "outright fraud" in Plaintiff's pleading, but instead argues that "Page Park cannot have liability for Plaintiff's claims under New York law . . . ." (Doc. 1 ¶ 33). Assetco contends that, as the "out-of-possession landlord" of the property where Plaintiff was injured, Page Park "cannot possibly have liability for an incident that took place inside the space leased to its tenant." (*Id.* ¶ 30). However, "under New York law, there are circumstances in which an injured plaintiff can recover from an out-of-possession landlord who retained the right of re-entry." *Battaglia v. Shore Parkway Owner LLC*, 249 F. Supp. 3d 668, 672 (E.D.N.Y. 2017); *see also Ruiz v. Forest City Enters.*, No. 09-CV-04699, 2010 WL 3322505, at *3 (E.D.N.Y. Aug. 20, 2010) ("Whether [the landlord] controls or is obligated to repair the premises is a question of fact that cannot be resolved at the pleading stage."). Here, Assetco has not met its burden of showing, by clear and convincing evidence, that Page Park could not be liable for Plaintiff's injuries under New York law. While Assetco alleges in conclusory fashion that Page Park is the out-of-possession property owner, Assetco has not established that fact nor has it shown that Page Park had no right of re-entry, no control over the premises, and no obligation to repair the premises. "Thus, while defendants may ultimately prevail in state court, the Court cannot say that there is no possibility that [Plaintiff] will prevail and '[a]ny possibility of recovery, however slim, weighs against a finding of fraudulent joinder and in favor of remand.'" *Ruiz*, 2010 WL 3322505, at *3 (quoting *DNJ Logistic Group, Inc. v. DHL Exp. (USA), Inc.*, 727 F. Supp. 2d 160, 171 (E.D.N.Y.

2010)). Thus, Assetco has not met its burden of establishing that Page Park was fraudulently joined.

Accordingly, since the Court finds that Page Park was not fraudulently joined to this action and, as Assetco concedes, Page Park and Plaintiff are both citizens of New York, there is not complete diversity between the parties and the Court lacks jurisdiction over this action.

## CONCLUSION

Based upon the foregoing, the Court concludes that Assetco has failed to satisfy its burden of establishing that this Court has jurisdiction over this action. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, Dutchess County.

The Clerk of Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, Dutchess County, and to close this action.

**SO ORDERED:**

Dated: White Plains, New York
   June 30, 2026

_____

Philip M. Halpern
United States District Judge